[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2008
THOMAS K. KAHN
CLERK

No. 08-10010
Non-Argument Calendar

_____

D. C. Docket No. 06-61614-CV-WPD

BETTY CURTIS,

Plaintiff-Appellant,

versus

BROWARD COUNTY,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 16, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Betty Curtis, proceeding pro se, appeals the district court's grant of summary

judgment in favor of her employer, Broward County, as to her complaint raising

claims of race, national origin, and sex discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). On appeal, Curtis argues that the district court erred in: (1) determining that she failed to establish a prima facie case of gender discrimination and retaliation; and (2) finding in the alternative that she failed to show that Broward County's reasons for her termination were pretextual. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence in a light most favorable to the non-moving party. Reeves v. C.H. Robinson Worldwide, Inc., 525 F.3d 1139, 1143 (11th Cir. 2008). Summary judgment is appropriate when there is no genuine issue of material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should be awarded against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A mere scintilla of evidence is not enough to survive summary judgment; instead a plaintiff must present enough evidence to enable a reasonable jury to find for her by a preponderance of the evidence. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1184 (11th Cir. 2003).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII also bars retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

When, as here, a plaintiff uses circumstantial evidence in an attempt to prove discrimination or retaliation under Title VII, we apply the burden-shifting approach articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Crawford v. Carroll, 529 F.3d 961, 975 (11th Cir. 2008). Under the McDonnell Douglas framework, a plaintiff has the initial burden to establish a prima facie case of discrimination, which creates a presumption that the employer discriminated against her. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006). If the plaintiff establishes a prima facie case, the burden of production shifts to the employer to provide a legitimate, non-discriminatory reason for the action taken, which rebuts the presumption of discrimination. The plaintiff then must establish that the employer's reason is a pretext for unlawful

3

discrimination. Despite the shifting of burdens of production, the ultimate burden to prove intentional discrimination lies with the plaintiff. Id.

Curtis has not established a prima facie case of gender discrimination. To do so, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003). Only the last prong of the prima facie case is at issue in this case.

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) (quotation omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (quotation and alteration omitted). "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from

second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia, 171 F.3d at 1368.

On this record, Curtis cannot show that she was treated differently from any of the three similarly situated male employees she identifies as having engaged her same conduct of hanging up on other employees or customers. With respect to two of the male employees she points to, Curtis failed to adduce any specific evidence to back up her allegations that they had also hung up on customers. See Cooper v. Southern Co., 390 F.3d 695, 745 (11th Cir. 2004) (holding that summary judgment was appropriate when the plaintiff relied on conclusory assertions based on her subjective belief). Likewise, with respect to the third male employee, Curtis did not establish that he engaged in the same quantity of misconduct that she did, alleging that he hung up on a customer once or, at most, twice, while she had hung up on that customer four times. See Silvera, 244 F.3d at 1259; Maniccia, 171 F.3d at 1369 (holding that a female employee was not similarly situated to three male employees because, inter alia, the male employees were involved in only a single incident of alleged misconduct, while the female employee committed "at least four policy violations"). Furthermore, Curtis did not even attempt to establish that these three males had similar histories of disputes with co-workers and supervisors, even though she admitted to having problems, disagreements, or disputes with at

5

least seven people. See Jones v. Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1312-13 (11th Cir.) (holding that, when the plaintiff was fired for being unprepared and insubordinate, she failed to establish that a co-worker was similarly situated because no evidence showed that the co-worker was insubordinate), opinion modified on other grounds, 151 F.3d 1321 (1998). Because she failed to identify any similarly situated employees, the district court did not err in granting summary judgment to Broward County on Curtis's gender discrimination claim.[1]

Curtis likewise has failed to establish a prima facie case of retaliation. To do so, a plaintiff much show that "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). In this case, only the third prong of the prima facie case is at issue.

The causal connection prong requires a plaintiff to show that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." McCann v. Tillman,

---

[1] In addition, contrary to her suggestion, the arbitrator's conclusion that Curtis should be reinstated pursuant to her collective-bargaining agreement has no bearing on whether she was terminated for a discriminatory reason under Title VII. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 49-50 ("In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress.").

526 F.3d 1370, 1376 (11th Cir. 2008) (quotation and alterations omitted), petition for cert. filed, (U.S. Aug. 7, 2008) (No. 08-163). A causal connection can be established by the close temporal proximity between the protected activity and the adverse action. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). The Supreme Court has noted that cases in which plaintiffs have attempted to establish causation through the temporal proximity "hold that the temporal proximity must be 'very close[.]'" Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). We have stated that a "three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." Thomas, 506 F.3d at 1364; Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006) (holding that three months between a protected activity and an adverse employment action standing alone was insufficient to establish a causal connection of retaliatory discharge); Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (holding that an almost six-month gap between a complaint and a failure to transfer was insufficient to establish a causal connection). However, we have held that a seven-week gap is sufficiently close to establish a causal connection. Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999) (ADA case).

As an initial matter, the district court correctly concluded that the protected act which began the measurement of the temporal gap was Curtis's filing of her complaint, not her receipt of the right-to-sue letter. See Breeden, 532 U.S. at 273 (indicating that the receipt of a right-to-sue letter is not a protected activity because the employee takes no part in the action). And while Curtis alleges that she was "actively involved" in the investigation relating to her complaint between May 7, 2004 and November 27, 2004, she does not attempt to show that Broward County was aware of this activity, which bars her from establishing a new starting point from which to measure the temporal gap. See Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir. 1997) ("In order to satisfy the 'causal link' prong of a prima facie retaliation case, a plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action."). Thus, the relevant starting date was May 7, 2004, when Curtis filed her EEOC complaint, and the relevant ending date was February 4, 2005, when she was terminated. This temporal gap of almost nine months is insufficient to establish a causal connection between the filing and her termination because this Court has held that such a long time period severs any inference of causal connection. See Thomas, 506 F.3d at 1364; Drago, 453 F.3d at

8

1308; <u>Webb-Edwards</u>, 525 F.3d at 1029.  The district court therefore did not err in granting summary judgment to Broward County on Curtis's retaliation claim.

Accordingly, we affirm.

**AFFIRMED.**